1
2
3
4
5
6
7

8        UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA

10        SAN JOSE DIVISION

11

12 JOSE JIMENEZ,                    )          No. CV-04-5083
                                    )
13              Plaintiff,          )          **ORDER GRANTING ATTORNEY'S**
                                    )          **FEES**
14       v.                         )
                                    )
15 COUNTY OF SAN BENITO,            )
                                    )
16              Defendants.         )
   _____)

17        Plaintiff Jimenez filed a motion for attorney's fees on October 4, 2005.[1]  Based on

18 the briefs and arguments presented,

19        IT IS HEREBY ORDERED that Plaintiff is awarded attorney's fees in the amount

20 of $71,460.

21        Plaintiff filed this motion for attorney's fees after accepting on September 30,

22 2005 an offer pursuant to Fed. R. Civ. P. 68[2] (hereafter "Rule 68 offer") in this excessive

23 police force action.  The Rule 68 offer, as accepted by Plaintiff, provided for $21,000 plus

24 reasonable attorney's fees.  Plaintiff's counsel (hereafter Marder) submitted billing

25

26        [1]        The holding of this court is limited to the facts and the particular circumstances
   underlying the present motion.

27

28        [2]        Rule 68 provides, *inter alia*, that "[a]t any time more than 10 days before the trial begins,
   the party defending against a claim may serve upon the adverse party an offer to allow judgment to be
   taken against the defending party . . . with costs then accrued."

records to Defendants which itemized 222.20 hours spent by Marder in handling this matter, multiplied by $375 per hour, for a total of $83,325 in attorney's fees, as well as $2,719.26 in costs.  Defendants perceived these amounts to be unreasonable and refused to pay.  Thus, Plaintiff filed the instant motion.

Plaintiff now seeks $83,325, plus an additional $7,500 for bringing this motion,[3] plus an upward adjustment to the lodestar, plus statutory interest.

In his supporting declaration, filed with this motion, Marder asserts that he spent 238.20 hours in handling this matter,[4] and that his billing rate is $375.00 per hour.

Defendant argues that Marder's stated hours are such that he either inflated his hours or spent excessive hours on this matter due to his relative inexperience in handling this type of action.  Defendant submits the declarations of two well-known, local plaintiff civil rights attorneys, Kirchick and Boskovich, both of whom opine that Marder undertook unnecessary tasks and spent excessive amounts of time on other tasks,[5] due to his relative inexperience.

In reviewing the court file and Marder's time records, the court finds that Marder's stated hours are indicative of his relatively low level of experience as a plaintiff civil rights attorney specializing in excessive police force cases.

///

///

///

///

---

[3]     The $7,500 sought for bringing this motion is based on a calculation of 20 hours, multiplied by $375.

[4]     Marder submits billing entries of 222.20 hours to bring this matter to settlement, plus an additional 16 hours to bring this motion for attorney's fees, not including any time associated with orally arguing this motion which Marder estimates would have taken 4 hours.  Because the court decided to rule on this motion without a hearing, those 4 additional hours associated with attending a hearing are not included in the total computation of hours.

[5]     These two experts noted that Marder took over 30 hours to perform initial research and file an eight-page complaint in this straightforward excessive police force action, when an experienced civil rights attorney would have spent much less time - no more than 4 hours - in researching, drafting and filing this type of civil action.

1    Defendant also argues that Marder's stated billing rate is high, given prevailing

2    billing rates in San Jose[6] and Marder's level of experience in handling these types of

3    actions.  In such cases, the court has discretion to reduce the hourly rate.  *See Trevino v.*

4    *Gates*, 99 F.3d 911, 924-925 (9th Cir. 1996).

5    In determining that Marder is relatively inexperienced in litigating plaintiff

6    excessive police force cases, the court finds his stated billing rate unwarranted and

7    reduces it accordingly from a rate of $375 per hour to a rate of $300 per hour.  Thus,

8    Plaintiff is entitled to an award of attorney's fees equal to $300 multiplied by 238.20

9    hours for a total of $71,460.

10    The court finds that an upward adjustment of the lodestar is unreasonable in view

11    of the fact that this litigation concluded within one year from the time the action was

12    filed.  *See, contra, Missouri v. Jenkins*, 491 U.S. 274 (1989) (a case in which the

13    attorneys waited several years to realize their contingency fees), nor is there any basis for

14    an award of statutory interest on the fee award, especially in view of the fact that Plaintiff

15    did not cite any statutory or case authority in requesting statutory interest.[7]

16    ///

17    Dated: 1/5/06

18    *Patricia V. Trumbull*
      _____
19    PATRICIA V. TRUMBULL
      United States Magistrate Judge

20

21

22

23    _____

24    [6]    Boskovich opined that the range of hourly rates for civil rights litigators in San Jose is $150 - $400 per hour.  Furthermore, Boskovich's billing rate is $250 per hour and Kirchick's billing rate

25    is $300 per hour.

26    [7]    Notably, the court found only one indirect reference by Plaintiff to authority which he believes supports his contention that he is entitled to statutory interest.  *See* Exhibit A to Marder Decl. in

27    Support of Motion for Attorney's Fees, at p. 1.  In the meet and confer letter regarding plaintiff's attorney fees and costs which comprises Exhibit A, Marder cites *Foley v. City of Lowell*, 948 F.2d 10 (1st Cir. 1991).  However, that case is inapposite because the statutory interest entitlement in *Foley* arose from the

28    Massachusetts state-law jury verdicts and the relevant Massachusetts statute.  Whereas, in this action, the Plaintiff brought only federal claims.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28